Jason M. Kerr (8222)
jasonkerr@ppktrial.com
Alan W. Dunaway (13514)
alandunaway@ppktrial.com
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
Telephone: (801) 530-2900
Facsimile: (801) 530-2957

FILED
U.S. DISTRICT COURT

2013 FEB 20 P 3:57

DISTRICT OF UTAH

BY:_____
　　DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZOLLER IP HOLDINGS, LLC a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEIDER GLOBAL NUTRITION, a Nevada limited liability company,<br><br>　　　　　　Defendant. | **COMPLAINT**<br><br>Case: 2:13cv00136<br>Assigned To : Stewart, Ted<br>Assign. Date : 2/20/2013<br>Description: Zoller IP Holdings v. Weider Global Nutrition |

Plaintiff Zoller IP Holdings, LLC ("Plaintiff" or "Zoller") sues Defendant Weider Global Nutrition ("Defendant" or "Weider") for declaratory relief and alleges as follows:

## NATURE OF ACTION

This is a civil action seeking a declaration from the Court concerning the parties' rights and obligations under UCA § 78B-6-401. Specifically, Plaintiff seeks a declaration it is not infringing any trademark or other right of the Defendant by its use and registration of the mark "HIGH ENERGY FAT BURNER," (the "ZOLLER Mark") to identify its nutritional supplement products. The Defendant has alleged that the ZOLLER Mark is infringing on its common law trademark rights to HIGH ENERGY (the "WEIDER Mark"). The Defendant further claims that

the ZOLLER Mark is barring Defendant's pending U.S. trademark application and has demanded that Zoller withdraw and surrender its trademark registration.

This matter is appropriate for declaratory judgment because the Defendant has threatened litigation and demanded that Zoller surrender its use of the ZOLLER Mark. Zoller has spent significant sums marketing its products using the ZOLLER Mark. The parties require a judicial determination that Zoller's registration and use of the ZOLLER Mark in no way damages, harms, or infringes the rights of the Defendant. Such a ruling will prevent uncertainty regarding Plaintiff's and Defendant's marketing and brand investment.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1338.

2. The Court has personal jurisdiction over the Defendant under Utah's long-arm statute, UCA §§78B-3-201 and 78B-3-205, because the Defendant has transacted business within the state by selling goods within the state of Utah and advertising goods for sale within the State of Utah, all of which are marked with the trademarks, which are the subject and subject matter of this declaratory relief complaint. Upon information and belief, the Defendant operated a principal place of business in Utah until December, 2012. Moreover, Defendant sent a demand letter to Plaintiff, via a Utah attorney, on February 5, 2013, demanding that Plaintiff surrender its trademark registration and cease from using Plaintiff's trademark within six (6) months.

3. Venue is proper in the Federal District Court of Utah, pursuant to 28 U.S.C.A. 1391(b) and (c).

## PARTIES

4.      Zoller IP Holdings, LLC is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Salt Lake County, State of Utah.

5.      Upon information and belief, Defendant Weider Global Nutrition, LLC is a Nevada limited liability company with its principal place of business in Gilbert, Arizona.

## GENERAL ALLEGATIONS

6.      On January 12, 2010, the Plaintiff filed for the trademark "HIGH ENERGY FAT BURNER," goods and services in the field of "[d]ietary supplements," Trademark Registration Number 4143105. The Zoller Mark was registered on the United States Patent and Trademark Office Principal Register on May 15, 2012. A true and correct copy of Trademark Registration Number 4143105 is attached hereto as Exhibit 1.

7.      Plaintiff first used the trademark HIGH ENERGY FAT BURNER on its Zantrex®-3 dietary supplements on March 17, 2010. Plaintiff has continuously used the ZOLLER Mark since March 17, 2010.

8.      The United States Patent and Trademark Office issued a Notice of Publication of HIGH ENERGY FAT BURNER on November 30, 2010. Therefore, Defendant was on notice as a matter of law that Plaintiff sought federal registration of the ZOLLER Mark and all rights and protections under federal law in the ZOLLER Mark.

9.      Defendant did not oppose or otherwise object to Plaintiff's registration of HIGH ENERGY FAT BURNER during the time prescribed by the United States Patent and Trademark Office.

10. In reliance on its application and subsequent successful registration, Plaintiff has spent significant sums of money marketing the Zantrex®-3 weight loss products using the ZOLLER Mark.

11. Zantrex®-3 is sold at retailers nationwide and also via the internet, at www.zantrex3.com as well as other websites that sell dietary supplements.

12. On June 9, 2012, the Defendant filed for the trademark "HIGH ENERGY," for goods and services limited to "[d]ietary supplements; [h]erbal supplements," Trademark Application Number 85647817. A true and correct copy of trademark application number 85647817 is attached hereto as Exhibit 2.

13. Upon information and belief, the Defendant uses HIGH ENERGY in conjunction with an energy boosting product.

14. Upon information and belief, the Defendant's Application Number 85647817 has been preliminarily refused due to a likelihood of confusion with the ZOLLER Marks, Trademark Registration Number 4143105.

15. Upon information and belief, the Defendant's Application Number 85647817 has been preliminarily refused due to a likelihood of confusion with another registered trademark, Trademark Registration Number 2305206.

16. Defendant contacted Plaintiff via a February 5, 2013 letter (the "Letter") in which Defendant demanded that Plaintiff surrender its registration of the ZOLLER Mark and phase out using the ZOLLER Mark within six (6) months.

17. Defendant asserted in the Letter that Defendant's use of the ZOLLER Mark infringes Defendant's trademark rights.

18. Defendant asserted in the Letter that Defendant's registration of the ZOLLER Mark is barring Defendant's attempt to register the Weider Mark on the Principal Register of the United States Patent and Trademark Office.

19. Defendant has threatened legal action via the Letter.

20. If Defendant's allegations are correct, Plaintiffs may be liable for damages, subject to injunctive relief, or other remedies.

21. Although baseless, the Defendant's allegations in the Letter have created significant uncertainty for Plaintiff and its marketing efforts.

22. The parties are adverse because Plaintiff and Defendant are in no way realted to one another.

23. Plaintiff has a legally protectable interest in disputing Defendant's allegations of trademark infringement.

24. The issues are ripe for adjudication because the Defendant has demanded that Plaintiff surrender its registration of the ZOLLER Mark and phase out use of the ZOLLER Mark within six (6) months, while threatening litigation. Defendant's allegations, if true, would require significant alteration of the current product packaging, labels, marketing materials, and branding materials for products bearing the ZOLLER Mark.

25. Plaintiff is entitled to a declaratory judgment that (1) Plaintiff is not infringing any of Defendant's rights by using the ZOLLER Mark, (2) the registered ZOLLER Mark trumps any rights or registration of the WEIDER Mark, and (3) Defendant has suffered no damage as a result of the Plaintiff's use of the ZOLLER Mark.

Complaint
Page 5 of 7

## CAUSE OF ACTION

## DECLARATORY RELIEF

26. Plaintiffs re-allege the allegations of paragraph 1-25 as if set forth in full herein.

27. There is a justiciable controversy based upon an accrued set of facts because the Defendant alleges that the Plaintiff's use of the ZOLLER Mark infringes Defendant's rights, resulting in damage to the Defendant.

28. There is an actual conflict because the Defendant has demanded that Plaintiff surrender its registration of the ZOLLER Mark and cease all use of the ZOLLER Mark within six (6) months.

29. The parties are adverse because the Plaintiff and Defendant are in no way related to one another.

30. The Plaintiff has a legally protectable interest in protecting its trademark registration and other valuable trademark rights in the ZOLLER Mark, the goodwill developed in said mark, and the significant investment in both the ZOLLER Mark and the Zantrex®-3 products.

31. The issues are ripe for adjudication because the Defendant has alleged all necessary elements of a claim for damages, injunctive, or other relief against the Plaintiff.

## PRAYER FOR RELIEF

1. For a declaratory judgment that Plaintiff is not infringing any trademark or other rights of Defendant through the use of the marks "HIGH ENERGY FAT BURNER."

2. For a declaratory judgment that Plaintiff's registration of its trademark "HIGH ENERGY FAT BURNER' is superior to any attempt by Defendant to register "HIGH ENERGY."

3.  For a declaratory judgment that Plaintiff has no obligation to surrender its registration of or discontinue the use of the mark "HIGH ENERGY FAT BURNER."

4.  For attorneys' fees, costs and expenses, as may be allowed by law.

5.  For such other and further relief as the Court deems just, equitable and proper.

DATED this 20th day of February, 2013.

*[signature]*
Jason M. Kerr
Alan W. Dunaway

Attorneys for Plaintiff

Plaintiff's Address:

5742 West Harold Gatty
Salt Lake City, UT 84116